IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VANESA PANCIC,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

        Defendant.

No. 3:23-cv-00002-HZ

OPINION & ORDER

Michael R. Fuller
OLSENDAINES
US Bancorp Tower
111 SW Fifth Ave., Ste 3150
Portland, OR 97204

Kelly D. Jones
Law Office of Kelly D. Jones
819 SE Morrison St., Ste 255
Portland, OR 97214

        Attorneys for Plaintiff

Pilar C. French
Ryan T. O'Hollaren (*pro hac vice*)
LANE POWELL, PC

1 – OPINION & ORDER

601 SW Second Ave., Ste 2100
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Vanesa Pancic brings this civil rights lawsuit alleging that Defendant Chase Bank discriminated against her based on her national origin. Am. Compl., ECF 13. Defendant moves to dismiss the First Amended Complaint ("FAC") for failure to state a claim. Def. Mot. to Dismiss, ECF 18. For the reasons that follow, the Court grants Defendant's motion.

## BACKGROUND

      Plaintiff had several deposit accounts with Defendant. The FAC references six accounts and a "Private Client" debit card. FAC ¶¶ 5-11. Plaintiff had been banking with Defendant "for over 25 years." *Id*. ¶ 12. In a letter dated September 28, 2022 ("the Letter"), Defendant informed Plaintiff that Defendant would close Plaintiff's accounts effective November 26, 2022.[1] FAC ¶ 4; French Decl. ¶ 3, Ex. 2 at 1, ECF 19-2. The Letter stated the reason was "unexpected activity." FAC ¶ 14; French Decl. Ex. 2 at 1. In writing, in person, and over the telephone, Plaintiff asked Defendant for more details about its decision to close and restrict her accounts. FAC ¶¶ 16-17. Plaintiff alleges that Defendant did not provide any additional information. *Id.* Plaintiff further alleges, in reference to the Letter, that "the only 'activity' that could be considered 'unexpected' was the occasional wire transfer to family in Croatia, plaintiff's nation of origin, which Chase Bank acknowledged." *Id.* ¶ 15. Plaintiff claims that Defendant "was aware" of Plaintiff's national origin because of monetary transfers to Croatia, Plaintiff's name, and "other account

---

[1] The Letter lists two accounts. It provides the last four digits of the account numbers and an abbreviated description of the accounts. Plaintiff alleges Defendant closed six accounts and restricted access to her "Private Client" debit card. FAC ¶¶ 5-11. The parties dispute neither the number of accounts closed and restricted nor which ones.

information." *Id.* ¶ 20. Plaintiff further claims Defendant has a "pattern and practice" of discrimination based on national origin. *Id.* ¶ 18. Plaintiff alleges that Defendant "devised, adopted, and maintained" policies that discriminated based on national origin and that Defendant "was aware" of the discriminatory effect of its policies. *Id.* ¶ 21. Plaintiff filed this civil rights action on January 1, 2023, alleging a violation of Oregon's Public Accommodations Act (OPAA), specifically Oregon Revised Statute ("O.R.S.") § 659A.403(1). Following Defendant's initial motion to dismiss, Plaintiff filed a First Amended Complaint. Defendant again moved to dismiss.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

The Court first addresses to what extent it will consider the Letter and Account Agreement Defendant attached to its Motion. Next, while concluding that Plaintiff has failed to state a claim for relief, the Court grants leave to amend the FAC to address the deficiencies outlined below.

**I.      Consideration of the Letter and Account Agreement**

Defendant asks the Court to consider the Letter and the Account Agreement attached to the Motion, arguing that these documents should be incorporated by reference or alternatively that the Court should take judicial notice of the Account Agreement. Def. Mot. to Dismiss 4-5. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, a court "may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). In contrast, the "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). And a document that "merely creates a defense to the well-pled allegations in the complaint" generally should not be incorporated by reference because it "did not necessarily

form the basis of the complaint." *Khoja*, 899 F.3d at 1002. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

The Letter satisfies all three elements of incorporation by reference. The FAC refers to it in paragraphs 4, 14, and 15 and cites to it in paragraphs 14 and 15. The Letter is central to Plaintiff's allegation that Defendant's stated reason for closing the accounts—the "unexpected activity" referred to in the Letter—indirectly points toward discrimination based on national origin. Finally, the parties contest neither the authenticity of the Letter nor its incorporation. The Court therefore incorporates the Letter.

In contrast, the FAC neither refers to nor cites the Account Agreement. The Court declines to incorporate it by reference. Alternatively, Defendant at first asked the Court to take judicial notice of the Account Agreement as a document that "governs the relationship between Plaintiff and Chase." Def. Mot. to Dismiss 5. After Plaintiff challenged the Account Agreement as "irrelevant" to Plaintiff's civil rights claim, Pl. Resp. 19 n.3, ECF 20, Defendant asked the Court to take judicial notice of the Account Agreement "for the sole reason that it provides necessary context," Def. Reply 3, ECF 21. The Court takes judicial notice of the Account Agreement for the limited purpose of providing context. It is an account agreement publicly available on Defendant's website and provides an example of Defendant's practices in structuring relationships with its clients. But whether it governs the particular relationship between Plaintiff and Defendant is disputed and therefore beyond the scope of Rule 201. *Cf. Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) ("The Court finds [documents including the defendant's online terms of service] are

properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute."). The Account Agreement has no bearing on the outcome of Defendant's Motion because the context it provides does not render Plaintiff's allegations more or less plausible. *See, e.g.*, *Conroy v. Mewshaw*, No. 3:21-CV-298-SB, 2022 WL 2981453, at *1 (D. Or. July 28, 2022) (taking judicial notice that certain documents "existed in the public realm" did not "render[] Plaintiff's allegations implausible"). The Court now turns to the sufficiency of Plaintiff's Complaint.

## II.     Oregon Public Accommodations Act Claim

### A.     Standard

The Oregon Public Accommodations Act (OPAA) provides that "all persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, without any distinction, discrimination or restriction on account of . . . national origin . . . ." O.R.S. 659A.403(1). "It is an unlawful practice" to deprive an individual of those rights. O.R.S. 659A.403(3). "Although Oregon courts have not articulated what elements a plaintiff must plead to state a claim under [the OPAA], the text of the statute provides guidance." *Roberts v. Legacy Meridian Park Hosp., Inc.*, No. 3:13-CV-01136-SI, 2014 WL 294549, at *7 (D. Or. Jan. 24, 2014). A cause of action is available to "[a]ny individual against whom any distinction, discrimination or restriction on account of . . . national origin . . . has been made by any place of public accommodation" or by any employee acting on behalf of the same. O.R.S. 659A.885(8). "The OPAA proscribes not just a refusal to serve a person on account of that person's race [or national origin], but also 'the greater evil of unequal treatment, which is the injury to an individual's sense of self-worth and personal

integrity.'" *Harrington v. Airbnb, Inc.*, 348 F. Supp. 3d 1085, 1089 (D. Or. 2018) (quoting *King v. Greyhound Lines, Inc.*, 61 Or. App. 197, 203 (1982)).

At the motion to dismiss stage, a plaintiff need only allege that they were treated "unequally because of [their national origin] and that [they have] been injured as a result." *Id.* at 1089-90; *Craig v. US Bancorp*, No. CIV. 03-1680-AA, 2004 WL 817149, at *4 (D. Or. Apr. 14, 2004). Courts require plaintiffs suing under this provision to allege intentional discrimination, not merely discriminatory effect. *Harrington*, 348 F. Supp. 3d at 1089; *Menchu v. Legacy Health*, No. 3:12-CV-02075-ST, 2014 WL 2855042, at *5 (D. Or. June 23, 2014), *aff'd*, 669 F. App'x 361 (9th Cir. 2016).

The Ninth Circuit has suggested that a plaintiff can allege intentional discrimination in one of two ways: "that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory." *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006). Although the *Lindsey* court decided a motion for summary judgment on an employment discrimination case arising under 42 U.S.C. § 1981, "[t]he standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in federal law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) (so stating in the context of disability discrimination); *see also Henderson v. Jantzen, Inc.*, 79 Or. App. 654, 657 (1986) (adopting federal standard for establishing prima facie case of sex discrimination under O.R.S. 659). Several courts in this district, including this Court, have adopted the approach the Ninth Circuit looked on favorably in *Lindsey*. *See, e.g.*, Strickland v. Residence Inn by *Marriott, LLC*, No. 3:21-cv-00270-HZ, 2021 WL 2920608, at *3 (D. Or. July 12, 2021) (denying motion to dismiss OPAA claim because "a

7 – OPINION & ORDER

factfinder could reasonably infer a discriminatory motive based in invidious racial stereotypes about African Americans" from comments made by defendant's employees); *Allen v. U.S. Bancorp*, 264 F. Supp. 2d 945, 954 (D. Or. 2003) (denying motion to dismiss OPAA claim where defendant asked African American plaintiff to remove his sunglasses but did not ask white counterparts to do the same); *Williams v. Thant Co.*, No. 3:20-cv-1214-MO, 2004 WL 1397554, at *3 (D. Or. June 22, 2004) (denying summary judgment on OPAA claim because whether defendant applied dress code on baggy pants differently to plaintiffs than to non-African Americans raised genuine issue of material fact).

The Ninth Circuit has also held that the *McDonnell Douglas* burden shifting framework does not apply in evaluating a motion to dismiss. *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1135 (9th Cir. 2019) ("Following the Supreme Court's explanation of Title VII's pleading requirements in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), we conclude that Federal Rule of Civil Procedure 8(a), not *McDonnell Douglas*, applies at the motion to dismiss stage."). The *Austin* court granted the defendant's motion to dismiss the plaintiffs' Title IX claim because the plaintiffs had not pled "sufficient, nonconclusory allegations plausibly linking the disciplinary action [of the defendant] to discrimination on the basis of sex." *Id.* at 1138. Applying this standard, the district court in *Sherman v. Clackamas County Sheriff's Office* denied the defendant's motion to dismiss a Title VII sex discrimination claim despite lack of comparators, holding that the plaintiff had "sufficiently alleged a link between her membership in a protected class and Defendant's adverse employment actions . . . ." No. 3:21-CV-01005-HL, 2022 WL 2670148, at *10 (D. Or. June 23, 2022), report and recommendation adopted, No. 3:21-CV-01005-HL, 2022 WL 2667020 (D. Or. July 8, 2022).

### B. Application

Plaintiff relies on circumstantial evidence to state her claim. She provides no direct evidence such as slurs, epithets, or derogatory remarks about her national origin. Indeed, she does not allege that Defendant ever mentioned or alluded to her national origin. Nor does Plaintiff directly allege that similarly situated persons not of Croatian origin were treated differently. Rather, Plaintiff supports her claim by alleging (1) that Defendant knew Plaintiff's national origin; (2) that Defendant's stated reason for closing the accounts—"unexpected activity"—can only refer to wire transfers Plaintiff made to Croatia; (3) Defendant has furnished no "legitimate business reason" to close Plaintiff's account; (4) Defendant has a "pattern and practice" of discrimination based on race and national origin; and (5) Defendant has "devised, adopted, and maintained" policies that it knew would have and did have discriminatory effects based on national origin. FAC ¶¶ 15, 16, 18, 20, 21. Defendant argues that Plaintiff has presented only "threadbare factual allegations and conclusory legal assertions." Def. Mot. to Dismiss 2.

Even when all plausible inferences are drawn in support of Plaintiff, the facts at most establish that Defendant knew of Plaintiff's national origin and that Defendant closed and restricted Plaintiff's accounts because of wire transfers to Croatia. Plaintiff supports the inference that Defendant knew of her national origin with three factual allegations: (1) the wire transfers to Croatia, (2) Plaintiff's name, and (3) unspecified "other account information made available to Chase." FAC ¶ 20. Although minimal, these allegations are entitled to be accepted as true at this stage of the proceedings, and together they support the plausible inference that Defendant knew of Plaintiff's national origin.

However, Plaintiff has not pled sufficient nonconclusory allegations to link Defendant's closures and restriction of her accounts to discrimination based on national origin. Plaintiff's

9 – OPINION & ORDER

name, wire transfers to Croatia, and "other account information" permit a weak but sufficient inference that Defendant was aware of Plaintiff's national origin, but the same three allegations do not sufficiently link that knowledge to "the *sudden* restrictions placed upon plaintiff's banking services and the closures of plaintiff's accounts." FAC ¶ 23 (emphasis added). First, presumably Defendant has known Plaintiff's name throughout the twenty-five years that Plaintiff has been banking with it. Second, Plaintiff provides no factual allegations that show how the wire transfers referred to in the FAC deviated from past account activity to support the inference that the wire transfers were "unexpected" and that therefore the "only 'activity' . . . that could be considered 'unexpected' was the occasional wire transfer to family in Croatia" *Id.* ¶ 15. A temporal link between a change in transfer activity and the account closure might support an inference of discriminatory intent. Finally, Plaintiff has provided no factual allegations linking the "other account information" to the timing of the "sudden" closure. The Court cannot infer from the information Plaintiff has provided that Defendant based its decision to close and restrict Plaintiff's accounts on Plaintiff's national origin.

Although at this stage Plaintiff need not make a prima facie case of discrimination under *McDonnell Douglas*, both parties address the elements of a prima facie case, and the Court concludes that the result here is the same when viewing the FAC against those standards. Plaintiff does not allege treatment that can plausibly be viewed as markedly hostile, and she does not allege that she was treated in a manner different from similarly situated individuals who are not Croatian. Instead, she argues that the Court should infer the existence of comparators based on her experience and the allegation of Defendant's "pattern and practice" of discrimination. *See* FAC ¶ 18. There are insufficient facts for the Court to reasonably make that inference.

10 – OPINION & ORDER

Plaintiff relies heavily on *Harrington*, where the plaintiffs pleaded sufficient factual allegations from which the district court could reasonably infer Defendant Airbnb's discriminatory intent. *Harrington*, 348 F. Supp. 3d at 1091. The issue in *Harrington* was the defendant's policy mandating all users submit a facial photograph, which Airbnb would provide to potential hosts as part of users' booking requests. *Id.* at 1088. Plaintiffs argued that the policy was "intended to enable and facilitate racial discrimination." *Id.* at 1091. Defendant Airbnb argued that the photographs provided indicators of whether a person was "'reliable, authentic, or committed to the spirit of Airbnb.'" *Id.* The court found the defendant's argument "unworthy of credence" because "internally inconsistent": a photograph did not and could not provide "any meaningful information" that would indicate whether a person was "'reliable, authentic, or committed to the spirit of Airbnb.'" *Id.* (quoting *Chuang v. Univ. of Cal. Davis Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000)). The district court also concluded that the defendant recommitted to its mandatory photograph policy even after it became aware of the policy's discriminatory impact because the plaintiffs had written the company a letter explaining the problem and the defendant declined to change its policies. *Id.* at 1088, 1090.

Plaintiff argues that the lack of clear explanation from Defendant, combined with Defendant's alleged "inability or unwillingness" to cite a specific statute, rule, or regulation that would justify closing the accounts, casts doubt on the credibility of Defendant's motive. Pl. Resp. 16. Plaintiff alleges that Defendant has a "pattern and practice" of discrimination that further undermines the credibility of Defendant's explanation and supports the inference that Defendant intentionally discriminated against Plaintiff in closing and restricting her accounts. FAC ¶ 18; Pl. Resp. 14-16. Defendant's reason for closing Plaintiff's accounts—"unexpected activity"—is, without more explanation or factual allegations, too vague for the Court to

11 – OPINION & ORDER

meaningfully assess its credibility. But the more significant difference between this case and *Harrington* is that the plaintiffs in *Harrington* pleaded enough facts to link their race to intentional discrimination through the defendant's policy: they alleged that one plaintiff sent a letter to the defendant explaining the racially disparate effects of its photograph policy, and the defendant chose to maintain the policy. Here, Plaintiff does not allege enough facts for the Court to reasonably infer discriminatory intent. Her conclusory allegation that Defendant "has a pattern and practice of discriminating against people based on their race and national origin," FAC ¶ 18, is not entitled to be taken as true for the purposes of this motion.

In response to Defendant's dismissal of the allegation that Defendant has a "pattern and practice" of discrimination as "conclusory," Plaintiff argues that she does "at least inferentially" allege that non-Croatian customers of Defendant were treated differently. Pl. Resp 20-21 (citing FAC ¶ 22). The paragraph of the FAC that Plaintiff cites argues that Defendant's anticipated justification for its actions "should be rejected as a pretext to conceal its motive to maintain these policies in order to weed out customers of certain national origins that Chase Bank disfavors providing certain banking services to." FAC ¶ 22. This paragraph does not allege that Plaintiff was treated differently from non-Croatian customers. Nor does it allege that Defendant disfavors individuals of Croatian origin. The Court cannot infer from Defendant's lack of explanation, combined with the limited circumstantial evidence pled, that Defendant intentionally discriminated against Plaintiff based on her national origin. The Court therefore grants Defendant's Motion to Dismiss.

**III.   Leave to Amend**

A party may amend its pleading once as a matter of course or, thereafter, "only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "The

court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

The FAC does not allege sufficient facts to support an inference linking Defendant's closure and restriction of Plaintiff's accounts to intentional discrimination based on national origin. Because this defect could possibly be cured by additional facts, the Court grants Plaintiff leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss [18] is GRANTED. Plaintiff may submit an amended complaint within 14 days of the date of entry of this Opinion and Order.

IT IS SO ORDERED.

DATED:_____July 20, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge